OPINION
{¶ 1} Plaintiff-appellant Billi Miller appeals the trial court's denial of her motion for prejudgment interest from defendants-appellees Michael VanFleet and Allstate Insurance Company (collectively referred to as Allstate). The sole assignment of error raises one issue. This court must determine whether the trial court abused its discretion when it denied Miller's motion for prejudgment interest. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} This appeal arises out of a car accident that took place on May 29, 1997, where VanFleet, an Allstate insured, rear-ended Miller's vehicle. At the time, both parties exchanged information, since there seemed to be neither injuries nor damage to the vehicles. Later that day, Miller experienced pain in her neck and back, so she filed a police report of the accident.
 {¶ 3} As a result of the accident and her injuries, Miller brought suit against Allstate. She asserted that she incurred approximately $13,000 in medical bills and $1,156.40 in lost wages. Miller's complaint prayed for a total judgment against Allstate in the amount of $105,000, plus interest and costs.
 {¶ 4} Prior to depositions, Allstate offered Miller $2,500 to settle the claim. After Allstate deposed Miller's physicians, Miller reduced her demand for damages to $45,000. In response, Allstate increased the settlement offer to $5,000. Miller rejected this offer and demanded $37,500 to settle the claim. The case proceeded to a jury trial, which resulted in a $12,200.29 verdict in favor of Miller.
 {¶ 5} After the trial, Miller filed a motion for prejudgment interest. The trial court denied the motion. Miller appeals from this decision and raises one assignment of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} "The trial court abused its discretion in denying plaintiff's motion for pre-judgment interest pursuant to R.C. 1343.03(C)."
 {¶ 7} Miller sought prejudgment interest under R.C. 1343.03(C), which states that, "interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 8} The decision as to whether to grant or deny prejudgment interest is within the sound discretion of the trial court. Tobey v. Arnold (Aug. 14, 2000), 7th Dist. No. 98CA166, citing Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Andre v. Case Design, Inc.,154 Ohio App.3d 323, 326-327, 2003-Ohio-4960, citing Huffman,19 Ohio St.3d at 87. "A court's decision to deny interest must be so violative of logic that it evidences a perversity of will, defiance of judgment, and the exercise of passion or bias in order to amount to an abuse of discretion." Andrews v. Ruozzo, 7th Dist. No. 99CA265, 2001-Ohio-3352, citing Cox v. Oliver Mach. Co. (1987), 41 Ohio App.3d 28,38.
 {¶ 9} Miller contends that the trial court abused its discretion by its failure to award her prejudgment interest because the evidence produced at the prejudgment interest hearing established that Allstate failed to make a good faith effort to settle. There are four factors a trial court considers when determining whether a party failed to make a good faith effort to settle. Kalain v. Smith (1986), 25 Ohio St.3d 157. These factors are: 1) whether the party fully cooperated in discovery, 2) whether the party rationally evaluated his or her risks and potential liability, 3) whether the party attempted to unnecessarily delay any of the proceedings, and 4) whether the party made a good faith monetary settlement offer or responded in good faith to an offer from the other party. Id. at 159. A party has not failed to make a good faith effort to settle if it has complied with the above four factors. Id. Miller does not dispute that Allstate cooperated in discovery or that it did not unnecessarily delay any of the proceedings. Rather, she argues that Allstate did not rationally evaluate its risks and potential liability and that it did not make a good faith monetary settlement offer or that it did not respond in good faith to Miller's offer.
 WHETHER ALLSTATE RATIONALLY EVALUATED ITS RISK AND POTENTIAL LIABILITY {¶ 10} Miller asserts that Allstate did not rationally evaluate its risks and potential liability in making settlement offers. In support of this contention, Miller references the fact that Allstate's highest settlement offer of $5,000 did not exceed the uncontroverted damages of $5,553, i.e. $4,397 in medical expenses and $1,156 in lost wages.
 {¶ 11} Allstate admitted VanFleet rear-ended Miller's vehicle, therefore it was aware that it was liable and offered a settlement accordingly. Thus, the dispositive question here is whether it rationallyevaluated the amount of its risk and liability. In evaluating its risks, it was required to make "a realistic assessment of defense strategy and tangibles such as the credibility of the opinions of medical experts as to causation, evidence of permanency, the effect of the injury on the plaintiff's quality of life, and the plaintiff's credibility and sincerity as a witness." Andre, 154 Ohio App.3d at 329.
 {¶ 12} Allstate's agent testified that when evaluating Miller's claim, he took into account reasonable and customary medical costs, the amount of damage to the vehicles, medical testimony, her quality of life, and lost wages. (Tr. 20, 25, 34, 37-38). Also in evaluating the claim, Allstate considered what a reasonable jury would perceive the amount of damages to be in this case. (Tr. 30). Furthermore, the fact that there was a subsequent car accident in which Miller was allegedly hurt was also considered. (Tr. 22, 50).
 {¶ 13} In considering all the above factors contemplated by Allstate, its action of raising the settlement offer from $2,500 to $5,000 after it had received information from its own doctor on the reasonable medical expenses displays a rational evaluating process. Allstate's physician found that Miller did suffer an injury from this accident requiring six weeks of physical therapy. This doctor stated that at least $4,397 in medical expenses were reasonable. Thus, when competent, credible testimony was given, Allstate raised the settlement offer accordingly.
 {¶ 14} That said, we do acknowledge that Allstate's highest settlement offer did not exceed the amount of Allstate's determination of reasonable medical expenses and lost wages. Regardless, given our standard of review, the credibility issues of this accident causing Miller's injuries, the alleged severity of the injury in light of the minimal damage to the vehicles, and whether or not the injuries were permanent in nature, it cannot be said that the trial court abused its discretion in finding that a settlement offer of $5,000 was a rational evaluation of the risks and potential liability. Miller's argument lacks merit.
 WHETHER ALLSTATE MADE A GOOD FAITH MONETARY OFFER TO SETTLE OR RESPONDED IN GOOD FAITH TO MILLER'S OFFER {¶ 15} Miller argues that Allstate failed to make a good faith monetary offer to settle. In support of this proposition, Miller directs this court to the disparity between Allstate's settlement offers and the jury's award. She urges this court to focus not on her demands, but solely on Allstate's offers.
 {¶ 16} While the amount of a comparison of the amount of settlement offer to the verdict returned by the jury may be a factor to consider when determining whether a party acted with good faith in making monetary settlement offers, it is not dispositive of the issue. Andre,154 Ohio App.3d at 326. "If the legislature intended to allow prejudgment interest whenever the verdict exceeded or approximated the plaintiff's settlement offer, the statute would so state. At most, the proximity of one party's settlement offer to the ultimate verdict is conceivably some circumstantial evidence of the reasonableness of that party's evaluation." Black v. Bell (1984), 20 Ohio App.3d 84, 88. Thus, while we do acknowledge that there is a disparity between Allstate's final settlement offer of $5,000 and the jury verdict of $12,200.29, this is not our only consideration in determining whether a good faith effort to settle was made.
 {¶ 17} R.C. 1343.03(C) requires the party seeking prejudgment interest to prove that it aggressively sought to settle, as well as its adversary's lack of aggressive settlement efforts. Hughes v. Brogan
(Sept. 26, 1995), 10th Dist. No. 95APE02-153, citing Black,20 Ohio App.3d at 88. (Emphasis added). Thus, despite her insistence to the contrary, when considering whether Allstate made a good faith effort to settle we must examine both settlement offers. Miller's settlement offers are equally as important as Allstate's settlement offers.
 {¶ 18} In reviewing the settlement demands, it is clear that Miller made equal settlement demands to those of Allstate. In her initial action, Miller demanded $105,000. Allstate offered Miller $2,500 to settle the claim. She then lowered her demand to $45,000. Allstate responded to this offer by raising its settlement offer to $5,000. Miller rejected this offer and request $37,500 to settle the claim. The jury's verdict for Miller was $12,200.29.
 {¶ 19} In reviewing these numbers, it becomes clear that the parties acted in kind to each other. Allstate's offer was roughly half of the jury verdict. Miller's offer was roughly three times the amount of the jury verdict. In relationship to each other, neither offer was so disproportionate to the other and to the jury verdict to lead to the conclusion that one party acted in good faith while the other party did not. Thus, the disparity between the settlement offers tends to show that Allstate did act in good faith in making settlement offers. Without providing any more proof of Allstate's failure to act in good faith, Miller has not met her burden. Black, 20 Ohio App.3d at 88 citing Loderv. Burger (1996), 113 Ohio App.3d 669, 675.
 {¶ 20} Furthermore, we note that in the prejudgment interest hearing, Miller put on no evidence that she made a good faith effort to settle. During the hearing for prejudgment interest, the party seeking the interest must put on evidence of how it made a good faith effort to settle, in addition to how the other party failed to show good faith.Hughes, 10th Dist. No. 95APE02-153. Miller extensively cross-examined Allstate's adjustor, but failed to put on any of her own direct testimony regarding her own settlement efforts. The prejudgment interest requirement of good faith equally applies to both parties. The party seeking prejudgment interest must not only show that the other party failed to make a good faith effort to settle, but also that it made a good faith effort to settle.
 {¶ 21} Regardless of Miller's failure to put on evidence of her own good faith effort, after thoroughly reviewing the record, we cannot come to any other conclusion than that the parties acted comparable to each other in making settlement offers and responded to the other's settlement offer. Thus, Miller's argument that Allstate did not make a good faith monetary settlement offer or did not respond to its offer in good faith fails.
 {¶ 22} While there are facts in the record which could support a trial court's determination that prejudgment interest was warranted,[1] as shown above, there are also other factors which adequately support the trial court's determination that prejudgment interest was not warranted. As aforementioned, our standard of review in this case is an abuse of discretion, not de novo. Therefore, when the record reflects reasoning which could both support and undermine the trial court's prejudgment interest determination, we must give deference to its determination and not substitute our opinion for that of the trial court.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., dissents; see dissenting Opinion.
[1] See dissenting opinion for supporting facts.